**McCOWN v. BOONE.**

No. 9033.

United States Court of Appeals
District of Columbia.

Argued Jan. 14, 1946.

Decided March 11, 1946.

Mr. Louis M. Denit, of Washington, D. C., with whom Mr. A. Leckie Cox, of Washington, D. C., was on the brief, for appellant. Mr. Thomas S. Jackson, of Washington, D. C., also entered an appearance for appellant.

Mr. Thomas H. Patterson, of Washington, D. C., with whom Mr. Richard E. Wellford, of Washington, D. C., was on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Associate Justices.

EDGERTON, Associate Justice.

This is an appeal by the defendant from a judgment for the plaintiff in an action for libel. Appellee was an officer in the Army of the United States. The libel was a charge of perjury, which appellant made in a letter to the Adjutant General. At the trial in the District Court appellant introduced evidence that the charge was true. But there was also evidence to the contrary, and we think the court was right in refusing to direct a verdict in appellant's favor.

There was evidence that appellant wrote the letter in the hope of causing appellee to be dismissed from the army. The trial was conducted on the theory that the occasion was conditionally privileged.[1] Without objection, the court accordingly charged the jury that in order to recover appellee must show that appellant published the libel with malice, i. e., in bad faith or with an improper motive. As evidence of malice, appellee introduced testimony that appellant said he would "beat the hell out of" appellee; committed a battery upon him; said he was a crook and that appellant would knock him out of the War Department; bribed a witness not to testify for him in a suit between him and his wife; wrote an affectionate letter to his wife and caressed her. Some of these events occurred three or four years before the libelous letter was written. Appellant objected to most of this testimony. But since it tended to show hostility, and hostility is a form of malice, the court did not exceed its discretion in admitting it. In an action for libel, malice need not appear on the face of the publication but may be shown by extrinsic proof.[2] "Where an emotion of hostility at a specific time is to be shown, the existence in the same person of the same emotion at another time is in general admissible."[3]

Appellant complains of the admission of testimony that the War Department had exonerated appellee of the perjury charge. But appellant himself, called as a witness for appellee at the beginning of the trial, gave such testimony without objection. Moreover it was admissible as bearing on the amount of damages.

Appellant contends that the court should have granted a new trial instead of permitting appellee, on remitting two-thirds of the jury's verdict of $7500, to recover the remaining third. The court ruled only that the damages were excessive, not that the verdict showed passion or prejudice. In these circumstances refusal of a new trial was not an abuse of discretion.

Affirmed.

---

[1] Cf. White v. Nicholls, 44 U.S. 266, 290, 11 L.Ed. 591.

[2] Ashford v. Evening Star Newspaper Co., 41 App.D.C. 395, 405. We held in that case that another libel, relating to an entirely different matter from the one charged in the complaint, may not be shown. Cf. Wigmore on Evidence, 3rd Ed., §§ 403–406. That question is not involved here.

[3] Wigmore on Evidence, 3rd Ed., 396.